**UNITED STATES of America, Plaintiff,**

v.

**Baldev BHUTANI, Neelam Bhutani and Alra Laboratories, Inc., Defendants.**

No. 93 CR 585.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 14, 1995.

Deborah Smolover and Lawrence G. McDade, Dept. of Justice, Washington, DC, for Plaintiff USA.

Patrick Tuite, Chicago, IL, for Defendant Baldev Bhutani.

Steven Kowal, Chicago, IL, for Defendant Neelam Bhutani.

Christopher Mead, Frederick H. Branding and Daniel C. Murray, Chicago, IL, for Defendant Alra Laboratories.

### ORDER

GRADY, District Judge.

Defendant Alra Laboratories, Inc. has made a motion which it styles as one to enforce its Sixth Amendment rights. Because the court determines that no Sixth Amendment rights appear to be involved, it will deal with the motion as one to limit pretrial access to government trial witnesses, as the government styles it in its response.

The prayer of the motion is that the government be prohibited from interrogating present or former employees of Alra "whose acts or omissions can legally bind the Corporation, or whose statements may constitute admissions on the part of the Corporation" without notice to Alra and an opportunity for Alra's counsel to be present. Defendant Alra Laboratories Incorporated's Motion to Enforce Its Sixth Amendment Rights, p. 1. Alra makes the point that a corporation has Sixth Amendment rights, which is conceded by the government. The government denies that it has any intention of interviewing "senior managers" currently employed by Alra without prior notice to Alra's counsel. Government's Opposition to Defendant's Motion to Limit Pretrial Access to Government Trial Witnesses ("Government's Opposition"), p. 1. The government insists, however, that it has a right to interview any former Alra employee and any present non-managerial employee without giving notice to Alra's counsel.

■ Alra's motion, and its reply memorandum, repeatedly assert that the Sixth Amendment prohibits the government from ex parte interviews with present or former Alra employees whose acts or omissions can "bind" the corporation. The word "bind" apparently means to render the corporation criminally liable for the act or omission of the employee. Employees in this class would include all employees who participated in any way—with criminal intent or not—in any of the conduct for which the government will seek to hold Alra criminally responsible. Defense counsel would be entitled to be present at all interviews the government might conduct with even low level employees of the corporation who participated in the conduct in question. This would include, for instance, manual laborers who might have loaded misbranded or adulterated drugs for interstate shipment.

Defendant does not argue that a corporation has greater Sixth Amendment rights than an individual, so if defendant's position is valid it would be available for any individual defendant who chose to assert it. Almost every multiple-defendant criminal case involves a charge of conspiracy between the defendants and others. Even single-defendant prosecutions often involve evidence offered to show conspiratorial conduct. The reason for the government's frequent reliance upon a conspiracy theory is, of course, the very principle that each conspirator is criminally responsible for the acts of the other conspirators committed in furtherance of the conspiracy. In other words, the acts of the co-conspirators "bind" each other in the sense that Alra is using that term in this case. And if Alra's Sixth Amendment theory is correct, it would follow that once an indictment is returned, counsel for a defendant charged with a conspiracy, or potentially liable for the acts of a co-conspirator, would have to be given notice and an opportunity to

be present before the government could interview a co-conspirator who was willing to provide information. This curious result finds no support in any of the authorities cited by Alra. Its principal citation is to the district court case of *U.S. v. Kilpatrick,* 594 F.Supp. 1324, 1350 (D.Colo.1984), where the court found that the "high level bank employees" interrogated by the government fell "within the ambit of the attorney-client relationship and must be considered, in essence, the corporation for purposes of communications." *Id.* at n. 23.

But the logic of Alra's argument goes much further than Alra has indicated. Surely the Sixth Amendment entitles a represented defendant to refuse to be interviewed by the government altogether, not simply to insist that his counsel be present for the interview. So here, if counsel for Alra is entitled to notice and an opportunity to be present, how could it be argued that counsel would not also be entitled to prohibit the interviews altogether?

The court believes that Alra is invoking a non-existent rule. Nothing prevents the government from interviewing, without notice to Alra, present or former employees and present non-managerial employees of Alra.

■ The exception for "managerial" employees has to do with another possible meaning of "bind." It is conceivable that a high level employee, during the course of an interview, could make statements which could be offered in evidence by the government as "admissions" by the corporation.[1] The court agrees with Alra that government interviews of managerial employees for the purpose of eliciting statements that would be independently admissible against Alra would implicate the Sixth Amendment. Alra would be entitled to notice and an opportunity to be present. Moreover, as noted above, it would seem that Alra would also have a right to instruct the employee not to make any admissions.[2]

Alra claims to be concerned about interviews of employees whose statements the government will contend constitute admissions by the corporation. From the government's response to Alra's motion, it appears that the government has no such interviews in mind. If the court is incorrect about this, the government should immediately make that fact known, so that the court can deal with the unusual question that would be presented.

The defendant Alra's motion to limit pretrial access to government trial witnesses is denied, without prejudice to the renewal of the motion should the government intend to elicit statements that would be offered in evidence as admissions by Alra.

considered "admissions" by Alra? The idea is bizarre. And if the statements would not be admissions, no Sixth Amendment concern is implicated.

---

**1.** This scenario is extremely unlikely, so much so that this court has never encountered it.

**2.** If the employee insisted upon talking anyway, could his statements, made in violation of Alra's explicit instructions *not* to make statements, be